ORIGINAL

FILED
MAY 11 2006
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS & NETWORKS CORPORATION )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES )
)
Defendant. )

Case No. 06-387 C

## COMPLAINT

Plaintiff, Information Systems & Networks Corporation ("plaintiff" or "ISN"), by its undersigned attorneys, as and for its Complaint, alleges as follows, based on personal knowledge as to its own actions and the records, financial data and files of ISN as verified by its President and CEO, and upon information and belief as to the actions of others. For those matters alleged based on ISN's information and belief, such matters are based upon among other things, the investigation of ISN's attorneys, publicly available documents, and other documents recently available to ISN and its attorneys.

### Nature of Action

1. This is a consolidated action that combines various causes of action arising out of sixteen (16) separate

contracts between ISN and the defendant which have not been closed or otherwise terminated by the defendant. All of the separate causes of action have been combined in the interest of substantial justice. Each count of this Complaint constitutes a separate cause of action arising out of each of the 16 contracts. Each cause of action relies on identical authority for venue and jurisdiction. The plaintiff and defendant are identical for each cause of action.

2. ISN brings this action to appeal various contract claims submitted to the cognizant Administrative Contracting Office ("ACO") on December 14, 2004, pursuant to the Contracts Disputes Act of 1978, 41 U.S.C.§ 601 et. Seq., as amended ("CDA") ("the CDA Claim"). The CDA Claim sought amounts due ISN from nineteen (19) contracts which ISN had previously invoiced the defendant or the defendant had otherwise refused or neglected to close or terminate allowing ISN to submit final invoices for the contracts. Since the filing of the CDA Claim, ISN has learned that three of the 19 contracts were released by ISN and formally terminated. Those three contracts are not covered by this Complaint. The invoices billed the defendant for various items, inter alia, outstanding contract fees, amounts due within contract ceilings including retainages, and amounts

due based on costs incurred over contract ceilings directly caused by defendant's actions. The genesis of all of ISN's contract claims, as set forth in the CDA Claim, was the refusal or failure of the defendant to close out or otherwise terminate the contracts with ISN as mandated by the Federal Acquisition Regulations ("FAR"). If such agreement or terminations had been reached, ISN would have properly invoiced the contracts earlier and, with respect to contract ceilings, ISN would have billed within the ceilings and would have been paid the retainages.

3. As explained in the CDA Claim, ISN, like similarly-situated contractors, was required, within 90 days after expiration of its fiscal year, to submit to the cognizant Contracting Officer as well as the audit agency, an incurred cost submission for final overhead rates based upon actual incurred costs. A final overhead rate is generally computed as a percentage or dollar factor that expresses the ratios of indirect expenses incurred in the period to direct labor, total cost input, or some other appropriate base of the same period. Final overhead rates are necessary to determine the final costs incurred under cost reimbursement type contracts as well as incentive and fixed-priced redeterminable type contracts. Final overhead rates also apply to any other contracts that require

settlement of indirect costs prior to establishing a final contract price for purposes of closing out the contract. In addition, the FAR sets forth the principles **governing** the termination of contracts and the necessity for the good faith negotiation of termination settlement proposals imposed on the defendant under the FAR.

4. ISN submitted such proposals in a timely manner but the defendant consistently refused to settle certain issues concerning ISN's costs which then obstructed agreement on final contract costs. In fact, with the exception of fiscal year 1996 and 1997, ISN's indirect cost rates have not been settled for 17 years (for FY 1985 - 1995, 1998-2003), until the cognizant ACO issued such a decision on February 9, 2005. Until such time, ISN was not in a position to claim final termination costs on the contracts covered by this Complaint.

5. Section 6(c)(2) of the CDA requires that the cognizant Contracting Officer, within 60 days of receipt of a claim, issue a final decision or notify the contractor when a final decision is expected to be issued. The Contracting officer must issue a final decision within a reasonable time, considering the size of the claim, its complexity, and the adequacy of the documentation to support of the claim. On May 12, 2005, the ACO issued a

final decision on the CDA Claim which was received by ISN on or about May 15, 2005. This action is brought within twelve (12) months of the date ISN received the decision.

## Background

6. This action seeks amounts owed by the defendant to ISN under 16 cost reimbursement contracts which remained opened without resolution of contract issues to terminate each contract. A list of the 16 contracts is attached to this Complaint as Exhibit A and incorporated by reference as if fully and specifically set forth herein. The amounts due under each of the contracts, as set forth on Exhibits B and C, were compiled utilizing the books and records of ISN. The amounts, in certain instances, were compiled from data taken from the Defense Contract Audit Agency ("DCAA") audit reports, DCAA Form 1's, Indirect Rate Cost Submissions and the financial records of ISN including costs captured on its JAMIS Cost Accounting System. ISN's indirect cost rates that were used to calculate the costs claimed by ISN herein comply with the requirements of the FAR. The indirect cost rates exclude excess executive compensation which has been disallowed by final decision of the Armed Services Board of Contract Appeals, as well as state income taxes. The cost issue over state income tax has been decided by the United State Court of Appeals for

the Federal Circuit in the case of *Information Systems & Networks Corporation* v. *The United States Nos. 04-5151, 5154 (Feb. 6, 2006)*. ISN intends on seeking cert. to the United States Supreme Court. The claims asserted herein are unrelated to any other claim currently filed by ISN in this Court or in any other currently pending judicial or administrative proceedings.

**Jurisdiction**

7. This Court has jurisdiction in that the present causes of action are derived from the decision of the ACO on ISN's CDA Claim. Thus, jurisdiction lies in this Court pursuant to 28 U.S.C. §1491 (a)(1)(2), the Contract Disputes Act of 1978 (as amended) 41 U.S.C. §601-613, as well as FAR 52.216-1 et.seq. The cognizant ACO has issued a final decision within the prescribed time period and ISN's CDA Claim has been denied. This action seeks a judgment on contractual matters which involve the defendant and the underlying action is for monetary damages.

**The Parties**

8. The plaintiff is a small, minority-owned business, incorporated under the laws of the State of Maryland having its corporate headquarters at 10411 Motor City Drive, Bethesda, MD 20817. ISN is an experienced company in the field of

computer/telecommunications/security systems integration engineering, and has been since its inception in 1980. Until recently, it provided services and supplies to the various agencies of the Department of Defense and the United States Government as well as to commercial clients.

9. Defendant is the Government of the United States of America, acting by and through its designated ACO and other authorized representatives, including but not limited to, the Defense Contract Management Agency, the Defense Logistics Agency, and the DCAA.

**Factual Allegations**

10. Attached as Exhibits B and C and incorporated by reference as if fully and specifically set forth herein, ("the Damage Exhibits") are schedules setting forth the amounts owed ISN on each of its cost-type contracts. The claims hereinafter asserted are for the payment of each amount owed under each of the subject contracts. The defendant has failed to resolve outstanding contractual issues with ISN and pay these amounts. Such failures constitute a breach of contract under each of the subject contracts. Each of the amounts claimed should have been paid within a reasonable time but were not, thereby entitling ISN to Prompt Payment Act Interest.

COUNT I
(For Breach of Contract for Failure to Pay Invoiced Amounts Within Contract Ceilings)

11. ISN repeats and realleges paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Attached hereto and previously incorporated by reference as Exhibit A is a schedule of 16 open ISN contracts performed during the period FY 1985 to 1996 ("the Contracts"). Attached as the Damage Exhibits are schedules setting forth amounts due by contract. Specifically, the Damage Exhibits set forth a schedule of the fees on each contract due and owing as well as the amounts due under each contract within the contract ceilings, including retainages.

13. Total fees owed on the Contracts are at least $300,000. Total amounts due ISN for costs incurred within contract ceilings including retainages total at least $1,000,000.

14. ISN is entitled to judgment against the defendant for the total amount of fees owed on the Contracts of at least $300,000, and for the amounts owed within contract ceilings including retainages of at least $1,000,000.

15. The total amount owed by the defendant to ISN within contract ceilings, excluding all interest, is at least $1,500,000.

**Count II**
**(For Breach of Contract For Costs Incurred Above Contract ceilings)**

16. ISN repeats and realleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. The Damage Exhibits set forth the costs incurred by ISN over contract ceilings due to conduct of the defendant relied upon by ISN. At all times, the defendant directed or had knowledge of work performed by ISN above contract ceilings.

18. ISN has incurred costs above contract ceilings in the sum of at least $1,000,000. ISN is entitled to judgment against the defendant in the sum of at least $1,000,000, excluding all interest, for costs incurred above contract ceilings.

**Count III**
**(Prompt Payment Act and CDA Interest Claims)**

19. ISN repeats and realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. ISN has invoiced the defendant for all claims set forth in Counts I and II herein or was presented by the defendant from redoing final invoices. Such invoices were properly submitted to the cognizant agency and contained or were accompanied by substantiating documentation. The

defendant failed to pay and/or withheld payment on the ISN invoices.

21. All the invoices submitted by ISN to the defendant for the claims set forth in Counts I and II herein apply to contracts for the procurement of property or services entered into for the benefit of the defendant.

22. As a result of the failure of the defendant to pay the invoices in accordance with the law, defendant is obligated to ISN for interest penalties pursuant to 31 U.S.C. §3907 for a period of one year after the invoice was due to be paid by the defendant, and an additional interest penalty thereafter until the filing of ISN's CDA Claim on December 14, 2004.

23. ISN is entitled to CDA interest on the amounts set forth in Counts I and II of this Complaint from December 14, 2004 to when paid at the allowable CDA interest rate.

24. ISN seeks judgment against the defendant in the amount of all interest penalties for the late payment of interim and final payments due under its government service contracts as well as CDA interest in amounts to be determined at trail.

**Count IV**
**(Equal Access to Justice Act Claim)**

25. ISN repeats and realleges paragraphs 1 through 24 of this complaint as if fully set forth herein;

26. Pursuant to the Equal Access to Justice Act (EAJA"), in the event ISN is the "prevailing party" in this case, it is entitled to its reasonable attorney's fees and expenses (in-house as well as outside counsel) incurred by ISN during this proceeding unless the position of the defendant is found to be "substantially justified."

27. Alternatively, even if a determination is made that the defendant's position was "substantially justified" this case establishes a substantial benefit for other contractors who have not had contracts closed-out in a timely manner. As a result, ISN is entitled to recovery for reasonable attorneys fees and expenses incurred in this case;

28. ISN seeks judgment for its reasonable attorney's fees and expenses incurred in this case in an amount to be determined by appropriate petition at the conclusion of this case;

WHEREFORE, the premises considered, plaintiff, Information System and Networks Corporation, respectfully demands judgment against the defendant, as follows:

A. On Count I, for unpaid contract fee and amounts due within contract ceilings including retainages in an

amount not less than $1,500,000;

B. On Count II, for ISN's costs over contract ceilings in an amunt no less than $1,000,000;

C. On Count III, for appropriate Prompt Payment Act and CDA interest based upon proof at trial;

D. On Count IV, for attorneys fees, costs, and expenses in amount to be determined by petition at the conclusion of this case;

E. For such other and further relief as this Court may deem proper;

Dated: May 11, 2006

SINGER & ASSOCIATES, PC

NORMAN H. SINGER, ESQUIRE
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
T. 301-469-0400
F. 301-469-0403

VERIFICATION

I, Roma Malkani, under the penalty of perjury, hereby state the following:

1. I am the President and Chief Executive Officer of Plaintiff, Information Systems & Networks Corporation ("ISN"). I have served in that position since 1980.
2. I am familiar with ISN's books and records of accounts as well as its various contracts.
3. Pursuant to my direction, ISN's accounting department reviewed each of the 16 contracts which is the subject of this Complaint and prepared Exhibits B and C in accordance with ISN's supporting data and records.
4. The claims set forth in the Complaint are based upon the 16 contracts and ISN's supporting data and are accurate and complete to the best of my knowledge and belief. The amounts demanded in the complaint accurately reflect contract amounts due and owing ISN and to which the Government is liable.

Under the penalty of perjury
May 11, 2006

ROMA MALKANI

EXHIBIT
A

LIST OF CONTRACTS

1. F1962B-82-C-0108
2. NAS5-27486
3. MDA-903-84-C-0222
4. DAAK20-84-C0149
5. N68335-84-D-0903
6. F-19628-85-C-0043
7. 503-BNBSC3513
8. 5C-Y-EIR-0028
9. DTFA01-85-Y-01018
10. 85-C-00150
11. N00024-85-C-6528
12. DAAHOO-85-C-0010
13. NASW-4164
14. MDA903-88-C-0702
15. 273-91-C-0005
16. DAAK70-83-C-0145

EXHIBIT B

# Schedule of Open ISN Contracts
## Fiscal Years 1985 to 1996

| ISN PROJ NO | FEDERAL GOVERNMENT CONTRACT NUMBER | COST OVER CONRACT CEILING DUE TO INTERIM INDIRECT COST RATES | TOTAL ISN COST OVER AMOUNT PAID | | TOTAL FEE ON CONTRACT | UNPAID INVOICED FEE | AMOUNT DUE TO ISN WITHIN CONTRACT INCLUDING RETAINED FEE | FISCAL YEARS OF PERFORMANCE | ESTIMATED INTEREST PER FAR PART 32 (3) | TOTAL AMOUNT DUE TO ISN WITH ADJUSTED COST AND INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|
| | CPFF | | | | | | | | | |
| | COLUMN REFERENCE: | H | I | | J | K | L | | M | N |
| | COLUMN FORMULA: | B-A ($0 WHEN COST IS LESS THAN CEILING) | G+H | | | | G+K | | | I+K+M |
| 1017 | F19628-82-C-0108 | $3,793.73 | 7,136.16 | | $ 122,896.98 | $ 17,560.52 | $ 20,902.95 | 1985-1986 | $ 8,779.24 | $ 33,475.92 |
| 1028 | NAS5-27486 | $0.00 | 46,477.69 | | $ 185,056.41 | $ 27,758.41 | $ 74,236.10 | 1984-1988 | $ 31,179.16 | $ 105,415.26 |
| ~~1047~~ | ~~MDA903-83-D-1504~~ | ~~$0.00~~ | ~~120,509.94~~ | | ~~$ 206,259.58~~ | | ~~$ 120,509.94~~ | ~~1984-1990~~ | ~~$ 58,614.65~~ | ~~$ 474,446.59~~ |
| 1058 | MDA903-84-C-0222 | $0.00 | 45,413.49 | | $ 245,623.60 | $ 10,330.70 | $ 55,744.19 | 1984-1985 | $ 23,412.56 | $ 79,156.75 |
| 1061 | DAAK20-84-C-0149 | $64,880.49 | 71,661.84 | | $ 8,237.00 | $ 1,235.56 | $ 8,016.91 | 1984-1986 | $ 3,367.10 | $ 76,264.50 |
| 1062 | N68335-84-D-0903 | $86,014.39 | 120,092.18 | | $ 14,069.80 | $ 520.72 | $ 34,598.51 | 1984-1986 | $ 14,531.37 | $ 135,144.28 |
| ~~1064~~ | ~~DASG60-85-C-0035~~ | ~~$28,547.37~~ | ~~29,885.71~~ | | ~~$ 12,248.00~~ | ~~$ 6,864.90~~ | ~~$ 7,402.34~~ | ~~1985-1986~~ | ~~$ 3,106.98~~ | ~~$ 39,958.59~~ |
| ~~1072~~ | ~~1026-47-0389~~ | ~~$15,254.62~~ | ~~94,949.08~~ | | ~~$ 343,388.44~~ | ~~$ 54,500.77~~ | ~~$ 101,104.23~~ | ~~1984-1987~~ | ~~$ 42,469.70~~ | ~~$ 150,822.63~~ |
| ~~1074~~ | ~~1026-485069~~ | ~~$136,727.38~~ | ~~136,170.46~~ | | ~~$ 12,268.06~~ | | ~~$ 1,449.00~~ | ~~1985-1986~~ | ~~$ 606.09~~ | ~~$ 138,776.56~~ |
| 1077 | F19628-85-C-0043 | $129,914.85 | 139,924.36 | | $ 32,729.25 | | $ 10,009.51 | 1985-1987 | $ 4,203.99 | $ 144,128.35 |
| 1079 | 503BNBSC3513 | $340,397.30 | 456,928.64 | | $ 159,477.00 | $ 16,685.00 | $ 133,216.34 | 1985-1988 | $ 55,950.86 | $ 529,564.50 |
| 1083 | 5C-Y-EIR-0028 | $88,326.85 | 294,802.52 | | $ 474,551.32 | $ 110,172.00 | $ 316,647.68 | 1985-1990 | $ 132,992.02 | $ 537,966.54 |
| 1088 | DTFA01-85-Y-01018 | $59,148.17 | 74,234.31 | | $ 74,271.31 | | $ 15,086.14 | 1985-1988 | $ 6,336.18 | $ 80,570.49 |
| 1091 | 85-C-00150 | $13,789.20 | 26,572.57 | | $ 15,399.87 | | $ 12,783.36 | 1985-1986 | $ 5,369.01 | $ 31,941.58 |
| 1093 | N00024-85-C-6528 | $126,685.78 | 185,743.62 | | $ 212,922.50 | $ 23,092.45 | $ 82,170.29 | 1985-1990 | $ 34,511.52 | $ 243,347.59 |
| 1102 | DAAH00-85-C-0010 | $150,358.03 | 182,361.06 | | $ 213,421.86 | $ 15,080.36 | $ 47,083.39 | 1985-1990 | $ 19,775.02 | $ 217,216.44 |
| 1125 | NASW-4164 | $0.00 | 220,821.66 | | $ 215,756.00 | $ 32,364.00 | $ 253,185.66 | 1986-1991 | $ 106,337.98 | $ 359,523.64 |
| ~~1459~~ | ~~MDA903-87-C-0004~~ | ~~$94,602.75~~ | ~~134,871.69~~ | | ~~$ 154,080.74~~ | ~~$ 34,541.10~~ | ~~$ 78,780.42~~ | ~~1987-1990~~ | ~~$ 33,066.65~~ | ~~$ 106,479.52~~ |
| ~~1475~~ | ~~SEC-87-0008~~ | ~~$1,664.62~~ | ~~45,029.62~~ | | ~~$ 15,198.00~~ | | ~~$ 14,356.00~~ | ~~1987-1989~~ | ~~$ 6,929.52~~ | ~~$ 24,950.44~~ |
| ~~1479~~ | ~~N66604-87-D-0008~~ | ~~$204,748.44~~ | ~~338,492.56~~ | | ~~$ 348,284.66~~ | ~~$ 54,844.87~~ | ~~$ 185,388.90~~ | ~~1988-1993~~ | ~~$ 55,016.78~~ | ~~$ 446,764.42~~ |
| 1184 | MDA903-88-C-0702 | $205,072.86 | 350,379.92 | | $ 197,516.39 | $ 54,909.90 | $ 200,216.96 | 1988-1993 | $ 60,065.09 | $ 465,354.90 |
| 1291 | 273-91-C-0005 | $0.00 | 216,177.45 | | $ 602,722.69 | $ 8,981.55 | $ 225,159.00 | 1991-1996 | $ 54,038.16 | $ 279,197.16 |
| 2009 | DAAK70-83-C-0145 | $762,834.74 | 933,751.02 | | $ 225,399.00 | $ 33,809.85 | $ 204,726.14 | 1984-1989 | $ 85,984.98 | $ 1,053,545.85 |
| | TOTAL CPFF | $ 2,502,721.56 | $ 4,211,072.53 | $ - | $ 4,150,589.21 | $ 494,360.85 | $ 2,202,711.83 | | $ 838,337.63 | $ 5,543,771.02 |

EXHIBIT C

## Schedule of Open ISN Contracts, Fiscal Years 1985 to 1996

| ISN PROJ NO | FEDERAL GOVERNMENT CONTRACT NUMBER | CONTRACT COST LIMITATION (1) | ISN COST INCURRED BASED ON ACTUAL RATES | COST BILLED BASED ON INTERIM INDIRECT RATES (1) | AMOUNTS WITHHELD FOR DCAA FORM 1's (1) | GOVERNMENT RETENTION ON INVOICES (1) | ISN COST PAID BY FEDERAL GOVERNMENT* | COST TO CONTRACT CEILING OWED TO ISN WITHOUT FEE |
|---|---|---|---|---|---|---|---|---|
| | CPFF | | | | | | | |
| | COLUMN REFERENCE: | A | B | C | D | E | F | G |
| | COLUMN FORMULA: | | | | | | C-D-E | A-F (B-F WHEN COST IS LESS THAN CEILING) |
| 1017 | F19628-82-C-0108 | $ 1,280,078.02 | $ 1,283,871.75 | $1,277,449.11 | $113.00 | $ 600.52 | $1,276,735.59 | $3,342.43 |
| 1028 | NAS5-27486 | $ 2,354,825.08 | $ 2,157,134.28 | $2,146,838.59 | $26,126.00 | $ 10,056.00 | $2,110,656.59 | $46,477.69 |
| ~~1047~~ | ~~MDA903-83-D-1604~~ | ~~$ 2,753,228.87~~ | ~~$ 2,751,208.41~~ | ~~$2,638,704.47~~ | ~~$17,672.00~~ | ~~$ 6,518.00~~ | ~~$2,606,614.47~~ | ~~$120,583.94~~ |
| 1058 | MDA903-84-C-0222 | $2,454,733.16 | $ 2,310,343.84 | $2,360,320.35 | $51,222.00 | $ 44,168.00 | $2,264,930.35 | $45,413.49 |
| 1061 | DAAK20-84-C-0149 | $ 74,594.82 | $ 139,475.31 | $67,813.47 | | | $67,813.47 | $6,781.35 |
| 1062 | N68335-84-D-0903 | $ 76,880.00 | $ 162,894.39 | $52,264.21 | $1,068.00 | $ 8,394.00 | $42,802.21 | $34,077.79 |
| ~~1064~~ | ~~DASG60-85-C-0035~~ | ~~$ 54,372.36~~ | ~~$ 62,919.73~~ | ~~$53,834.02~~ | | | ~~$53,834.02~~ | ~~$538.34~~ |
| ~~1072~~ | ~~1020-47-0330~~ | ~~$ 3,488,324.21~~ | ~~$ 3,483,578.83~~ | ~~$3,439,984.37~~ | | | ~~$3,439,984.37~~ | ~~$48,594.46~~ |
| ~~1074~~ | ~~1026-485009~~ | ~~$ 145,751.15~~ | ~~$ 282,470.53~~ | ~~$144,308.07~~ | | | ~~$144,308.07~~ | ~~$1,443.08~~ |
| 1077 | F19628-85-C-0043 | $ 457,682.43 | $ 587,597.28 | $453,150.92 | $3,504.00 | $ 1,974.00 | $447,672.92 | $10,009.51 |
| 1079 | 503BNBSC3513 | $ 1,856,911.00 | $ 2,197,308.30 | $1,740,379.66 | | | $1,740,379.66 | $116,531.34 |
| 1083 | 5C-Y-EIR-0028 | $ 6,602,341.43 | $ 6,690,668.27 | $6,472,883.75 | $15,360.00 | $ 61,658.00 | $6,395,865.75 | $206,475.68 |
| 1088 | DTFA01-85-Y-01018 | $ 825,238.00 | $ 884,386.17 | $819,237.86 | $9,086.00 | | $810,151.86 | $15,086.14 |
| 1091 | 85-C-00150 | $ 140,616.99 | $ 154,406.20 | $127,833.63 | | | $127,833.63 | $12,783.36 |
| 1093 | N00024-85-C-6528 | $ 2,512,790.92 | $ 2,639,456.70 | $2,475,656.08 | $21,943.00 | $ - | $2,453,713.08 | $59,077.84 |
| 1102 | DAAH00-85-C-0010 | $ 2,754,716.50 | $ 2,905,074.53 | $2,754,356.47 | $23,949.00 | $ 7,694.00 | $2,722,713.47 | $32,003.03 |
| 1125 | NASW-4164 | $ 4,686,804.00 | $ 2,902,479.06 | $2,681,657.40 | | | $2,681,657.40 | $220,821.66 |
| ~~1159~~ | ~~MDA903-87-C-0004~~ | ~~$ 1,493,504.26~~ | ~~$ 1,578,187.62~~ | ~~$1,457,077.33~~ | ~~$10,762.00~~ | | ~~$1,446,315.33~~ | ~~$47,188.93~~ |
| ~~1175~~ | ~~SEC-87-0008~~ | ~~$ 203,000.00~~ | ~~$ 204,564.62~~ | ~~$188,644.00~~ | | | ~~$188,644.00~~ | ~~$14,356.00~~ |
| ~~1179~~ | ~~N66604-87-D-0098~~ | ~~$ 5,456,798.80~~ | ~~$ 5,664,546.44~~ | ~~$5,406,106.88~~ | ~~$82,843.00~~ | | ~~$5,323,263.88~~ | ~~$133,444.42~~ |
| 1184 | MDA903-88-C-0702 | $ 2,457,059.00 | $ 2,662,131.86 | $2,334,235.94 | $22,484.00 | | $2,311,751.94 | $145,307.06 |
| 1291 | 273-91-C-0005 | $ 8,434,555.99 | $ 8,284,383.80 | $8,269,172.54 | $50,794.00 | | $8,218,378.54 | $216,177.45 |
| 2009 | DAAK70-83-C-0145 | $ 2,797,794.06 | $ 3,560,628.79 | $2,664,565.77 | $23,374.00 | $ 14,314.00 | $2,626,877.77 | $170,916.29 |
| | TOTAL CPFF | $ 53,342,592.26 | $ 53,566,724.09 | $ 50,012,564.89 | $ 360,200.00 | $ 155,376.52 | $ 49,496,988.37 | $ 1,708,350.98 |