IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-387C<br>(Chief Judge Damich) |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint of plaintiff Information Systems & Networks Corporation ("ISN"), defendant, the United States, admits, denies, and alleges as follows:

Introductory Paragraph

Denies the allegations contained in the first sentence of the introductory paragraph that plaintiff's allegations are "based on personal knowledge as to its own actions and the records, financial data and files of ISN as verified by its President and CEO, and upon information and belief as to the actions of others" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of the introductory paragraph that matters alleged upon information and belief of ISN "are based upon, among other things, the investigation of ISN's attorneys, publicly available documents, and other documents presently available to ISN and its attorneys" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in the first sentence of paragraph 2 that "ISN brings this action to appeal various contract claims" constitutes a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admits the allegation contained in the first sentence of paragraph 2 that plaintiff submitted claims "to the cognizant Administrative Contracting Officer ('ACO') on December 14, 2004," and that the claims were submitted "pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et[] [s]eq., as amended ('CDA')('the CDA claim')" to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. Admits the allegations contained in the second sentence of paragraph 2 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 2. Denies the allegations contained in the third sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted. The allegations contained in the fourth sentence of paragraph 2 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as it is not apparent which “invoices” plaintiff is referring to and, as such, the allegation is vague and not defined; defendant states further that the allegations contained in the fifth sentence of paragraph 2 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the sixth sentence of paragraph 2 that “[t]he genesis of ISN’s claims” was the alleged “refusal or failure of the defendant to close out or otherwise terminate the contracts with ISN as mandated by the Federal Acquisition Regulations (‘FAR’)” constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; admits the allegation contained in the sixth sentence of paragraph 2 that “[t]he genesis of all of ISN’s contract claims” were “set forth in the CDA Claim” to the extent supported by the claim cited, which is the best evidence of its

contents, otherwise denies the allegations contained in the sixth sentence of paragraph 2. The allegations contained in the seventh sentence of paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the claim cited, which is the best evidence of its contents, otherwise denies the allegations contained in the first sentence of paragraph 3. The allegations contained in the remaining sentences of paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in the first sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 4 that ISN's indirect cost rates have not been settled for FY 1985 through FY 1995, and FY 1999 through FY 2003; denies the remaining allegations contained in the second sentence of paragraph 4; avers that final rates were agreed to for FY 1998, as alleged by ISN in paragraph 12 of its complaint filed in

Fed. Cl. No. 06-99C. The allegations contained in the third sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first two sentences of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 5 to the extent supported by the claim cited, which is the best evidence of its contents, otherwise denies the allegation; denies the allegation contained in the third sentence of paragraph 5 that the claim "was received by ISN on or about May 15, 2005" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained in the fourth sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations contained in the first sentence of paragraph 6 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 6 that attached to

the complaint as Exhibit A is a list of what plaintiff asserts are 16 contracts; denies that every alleged contract listed is, in actuality, a contract or that every alleged contract remains open; denies the allegation contained in the second sentence of paragraph 6 that the list of contracts is "incorporated by reference as if fully and specifically set forth herein" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as it is not clear what plaintiff believes specifically has been incorporated into the complaint. The allegations contained in the third sentence of paragraph 6 that the amounts set forth in Exhibits B and C represent "[t]he amounts due under each of the contracts" are conclusions of law and plaintiff's characterization of its case, to which no answer is required, to the extent they may be deemed allegations of fact, they are denied; denies the allegation contained in the third sentence of paragraph 6 that the amounts "were complied utilizing the books and records of ISN" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegation contained in the fifth sentence of paragraph 6 is a conclusion of law and plaintiff's characterization of its case, to which no response is required,

to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the sixth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegation contained in the seventh sentence of paragraph 6 is a conclusion of law and plaintiff's characterization of its case, to which no response is required, to the extent that it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the eighth sentence of paragraph 6 that plaintiff has filed a petition for writ of certiorari with the United States Supreme Court concerning the case identified in the seventh sentence of paragraph 6. The allegations contained in the ninth sentence of paragraph 6 are conclusions of law and plaintiff's characterization of its case, to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in the first two sentences of paragraph 7 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 7 regarding the issuance of a final decision denying plaintiff's claim to the extent supported by the final decision cited, otherwise denies the allegations contained in the third

sentence of paragraph 7; avers that the contracting officer's final decision was properly issued within the time limitations set forth in the CDA. The allegations contained in the fourth sentence of paragraph 7 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Admits the allegations in paragraph 9 that defendant is the United States and that the Defense Contract Management Agency, the Defense Logistics Agency, and the Defense Contract Audit Agency are agencies of the United States; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegation contained in the first sentence of paragraph 10 that attached to the complaint as Exhibits B and C are schedules setting forth what plaintiff alleges are "the amounts owed ISN on each of its cost-type contracts," denies that plaintiff is entitled to the amounts set forth in Exhibits B and C; denies the allegation contained in the first sentence of paragraph 10 that Exhibits B and C are "incorporated by reference as if fully and specifically set forth herein" for lack of knowledge or information sufficient to form a belief as to the

truth of the matters asserted, as it is not clear what plaintiff believes specifically has been incorporated into the complaint. The allegations contained in the second sentence of paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 10 that there remain "outstanding contractual issues" and that defendant has not paid the amounts requested by plaintiff; denies the remaining allegations contained in the third sentence of paragraph 10. The allegations contained in the fourth and fifth sentences of paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Defendant incorporates by reference its responses to paragraphs 1 through 10 of the complaint.

12. Admits the allegation contained in the first sentence of paragraph 12 that attached to the complaint as Exhibit A is a list of what plaintiff asserts are 16 open contracts; denies that every alleged contract listed is, in actuality, a contract or that every alleged contract remains open; denies the allegation contained in the first sentence of paragraph 12 that the list of contracts is "incorporated by reference" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted, as it is not clear what plaintiff believes specifically has been incorporated into the complaint; the allegations contained in the first sentence of paragraph 12 that the 16 contracts are "open ISN contracts performed during the period FY 1985 to 1996" constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentence of paragraph 12 that attached to plaintiff's complaint as Exhibits B and C are schedules setting forth the amounts plaintiff alleges it is due; denies that the amounts set forth in Exhibits B and C are due plaintiff pursuant to the contracts; denies all remaining allegations set forth in the second and third sentences of paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant incorporates by reference its responses to paragraphs 1 through 15 of the complaint.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant incorporates by reference its responses to paragraphs 1 through 18 of the complaint.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Defendant incorporates by reference its responses to paragraphs 1 through 24 of the complaint.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies that plaintiff is entitled to the relief set forth in the prayer for relief (including subparts A through E) immediately following paragraph 28, or to any relief whatsoever.

30. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

31. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contracts.

32. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

33. Plaintiff's claims are barred by release.

DEFENDANT'S COUNTERCLAIM

34. Jurisdiction for this counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

35. The contracts between plaintiff and the United States, require that plaintiff repay to defendant any overpayments made to plaintiff by defendant in response to interim billings submitted by plaintiff before the establishment of final indirect rates. By final decision dated February 9, 2005, the contracting officer issued unilateral final fringe and overhead rates and revised interim general and administrative ("G&A") rates for fiscal years 1987-1995.

36. By decision dated May 12, 2005, the contracting officer issued a final decision demanding payment of $280,241 representing amounts plaintiff owes the Government for overpayment. The amount of overpayment was determined based upon overpayments made by the Government to plaintiff upon certain of the contracts identified by plaintiff in its complaint as Exhibit A, as well as Contract No. N6604-87-D-0098, which was referenced by plaintiff in its December 14, 2004 claim. The contracting officer determined the amount of overpayment based upon the final fringe and overhead rates and interim G&A rates for fiscal years

1987-1995 set forth in the contracting officer's final decision dated February 9, 2005.

37. As of the filing of this answer, plaintiff has failed to pay the Government the amount demanded by final decision dated May 12, 2005. Accordingly, defendant is entitled to payment in the amount of $280,241, plus interest commencing from the date of the demand, at rates established by the Secretary of the Treasury pursuant to Public Law 92-41.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant in the amount of $280,241, plus interest, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

OF COUNSEL:
GREGORY T. ALLEN
Defense Contract Management Agency

September 7, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 7, 2006, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON