IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | No. 06-387C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AND COUNTERCLAIM

For its answer to the amended complaint of plaintiff Information Systems & Networks Corporation ("ISN"), defendant, the United States, admits, denies, and alleges as follows:

Introductory Paragraph

Denies the allegations contained in the first sentence of the introductory paragraph that plaintiff's allegations are "based on personal knowledge as to its own actions and the records, financial data and files of ISN as verified by its President and CEO, and upon information and belief as to the actions of others" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of the introductory paragraph that matters alleged upon information and belief of ISN "are based upon, among other things, the investigation of ISN's attorneys, publicly available documents, and other documents presently available to ISN and its attorneys" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in the first sentence of paragraph 2 that "ISN brings this action to appeal various contract claims" constitutes a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the first sentence of paragraph 2 that plaintiff submitted claims "to the cognizant Administrative Contracting Officer ('ACO') on December 14, 2004," and that the claims were submitted "pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et[] [s]eq., as amended ('CDA')('the CDA claim')" to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. Admits the allegations contained in the second sentence of paragraph 2 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 2. Denies the allegations contained in the third sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted. The allegations contained in the fourth sentence of paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as it is not apparent which "invoices" plaintiff is referring to and, as such, the allegation is vague and not defined; defendant states further that the allegations contained in the fifth sentence of paragraph 2 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the sixth sentence of paragraph 2 that "[t]he genesis of all of ISN's contract claims" was the alleged "refusal or failure of the defendant to close out or otherwise terminate the contracts with ISN as mandated by the Federal Acquisition Regulations ('FAR')" constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; admits the allegation contained in the sixth sentence of paragraph 2 that "[t]he genesis of all of ISN's contract claims" were "set forth in the CDA Claim" to the extent supported by the claim cited, which is the best evidence of its

contents, otherwise denies the allegations contained in the sixth sentence of paragraph 2. The allegations contained in the seventh sentence of paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in the first sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 4 that ISN's indirect cost rates have not been settled for FY 1985 through FY 1995, and FY 1999 through FY 2003; denies the remaining allegations contained in the second sentence of paragraph 4; alleges that final rates were agreed to for FY 1998, as alleged by ISN in paragraph 12 of its complaint filed in Case No. 06-99C (Fed. Cl.). The allegations contained in the third sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first two sentences of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 5 to the extent supported by the decision cited, which is the best evidence of its contents, otherwise denies the allegation; denies the allegation contained in the third sentence of paragraph 5 that the decision "was received by ISN on or about May 15, 2005" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained in the fourth sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations contained in the first sentence of paragraph 6 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 6 that there is an Exhibit A to the complaint; alleges that page 13 of the amended complaint is a list of 13 contracts. Denies the allegations contained in the third and fourth sentences of paragraph 6.

Denies the allegations contained in the fifth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the sixth, seventh, and eighth sentences of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required, to the extent they may be deemed allegationS of fact, they are denied. Denies the allegations contained in the ninth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the tenth sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required, to the extent they may be deemed an allegation of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Admits the allegations in paragraph 9 that defendant is the United States and that the Defense Contract Management Agency, the Defense Logistics Agency, and the Defense Contract

Audit Agency are agencies of the United States; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in the first sentence of paragraph 10. The remaining allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Defendant incorporates by reference its responses to paragraphs 1 through 10 of the amended complaint.

12. Denies the allegation contained in the first sentence of paragraph 12 that attached to the complaint is an Exhibit A; alleges that the list that appears on page 13 of the amended complaint is of contract numbers. The remaining allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant incorporates by reference its responses to paragraphs 1 through 15 of the amended complaint.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant incorporates by reference its responses to paragraphs 1 through 18 of the amended complaint.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of

its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted because plaintiff has failed to identify the specific invoices upon which its claims are based; in addition, the allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Defendant incorporates by reference its responses to paragraphs 1 through 24 of the amended complaint.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies that plaintiff is entitled to the relief set forth in the prayer for relief (including subparts A through E) immediately following paragraph 28, or to any relief whatsoever.

30. Denies each and every allegation not previously admitted or otherwise qualified.

<u>AFFIRMATIVE DEFENSES</u>

31. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been

fully compensated according to the terms and conditions of the contracts listed on page 13 of the amended complaint.

32. Plaintiff's claims respecting Contract No. NAS5-27486 (number 2 on the list of contracts at page 13 of the amended complaint) are barred by the doctrine of accord and satisfaction.

33. Plaintiff's claims respecting Contract No. NAS5-27486 (number 2 on the list of contracts at page 13 of the amended complaint) are barred by the doctrine of release.

DEFENDANT'S COUNTERCLAIM

34. Jurisdiction for this counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

35. The contracts between plaintiff and the United States, require that plaintiff repay to defendant any overpayments made to plaintiff by defendant in response to interim billings submitted by plaintiff before the establishment of final indirect rates. By final decision dated February 9, 2005, the contracting officer issued unilateral final fringe and overhead rates and revised interim general and administrative ("G&A") rates for fiscal years 1987-1995.

36. By decision dated May 12, 2005, the contracting officer issued a final decision demanding payment of $280,241 representing amounts plaintiff owes the Government for overpayment. The amount of overpayment was determined based upon overpayments made by the Government to plaintiff upon certain of

the contracts identified by plaintiff on page 13 of its amended complaint, as well as Contract No. N6604-87-D-0098, which was referenced by plaintiff in its December 14, 2004 claim. The contracting officer determined the amount of overpayment based upon the final fringe and overhead rates and interim G&A rates for fiscal years 1987-1995 set forth in the contracting officer's final decision dated February 9, 2005.

37. As of the filing of this answer, plaintiff has failed to pay the Government the amount demanded by final decision dated May 12, 2005. Accordingly, defendant is entitled to payment in the amount of $280,241, plus interest commencing from the date of the demand, at rates established by the Secretary of the Treasury pursuant to Public Law 92-41.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant in the amount of $280,241, plus interest, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
GREGORY T. ALLEN
Defense Contract Management Agency

January 16, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 16, 2007, a copy of the foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail