# In the United States Court of Federal Claims

Nos. 06-387C & 13-988C
**CONSOLIDATED**
(Filed: January 18, 2018)

|  |  |  |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) | Motion for Modification; Motion in *Limine*; Exclusion of Expert Reports and Testimony; Fed. R. Evid. 702 |
| Plaintiff, |  |  |
| v. |  |  |
| THE UNITED STATES, |  |  |
| Defendant. |  |  |

## ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION AND TO EXCLUDE THE TESTIMONY OF JOEL LESCH AND GRANTING DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF JOHN FORD

**I.   INTRODUCTION**

These consolidated cases involve a long-running dispute between Information Systems & Networks Corporation ("ISN") and the government over the indirect rates that should be applied to close out numerous flexibly priced contracts held by ISN during fiscal years 1982 through 2000. Presently pending before the court are three motions associated with the discovery in this case and in particular the use of experts. These include: (1) Plaintiff's Motion for Modification of the Court's August 23, 2017 Order Denying Plaintiff's Motion for Reconsideration and Granting the Defendant's Request for Discovery Sanctions (ECF No. 196); (2) Defendant's Motion *In Limine* to Exclude the Expert Report and Testimony of John H. Ford, Esq. (ECF No. 198); and (3) Plaintiff's Motion for Protective Order and *In Limine* to Exclude the Testimony of the Government's Expert, Joel E. Lesch (ECF No. 210).

These three motions stem from the court's August 23, 2017 order, (ECF No. 193), granting the government's request for discovery sanctions after ISN failed to produce its revised expert reports after ISN received three extensions of time from court-ordered deadlines, (ECF Nos. 183, 185, 187), and then failed to file its report on the day ordered. The court found that ISN's repeated failure to meet the court-ordered deadlines for producing revised expert reports was unjustified and when ISN failed to produce the reports on the last date ordered, the court, upon the government's motion for sanctions, determined that "plaintiff shall proceed in this matter without an expert or expert report in

its affirmative case." (ECF No. 193).  ISN did not file a response to the government's motion for sanctions.  The August 23, 2017 order went on to provide that ISN would be allowed to file a "non-expert report regarding Counts I, II, III and IX" along with "schedules, spreadsheets, and calculations in native-file format that specify and set forth all of plaintiff's damages and claimed indirect cost rates for each of the fiscal years and rates for which there are no signed indirect rate agreements from 1982 through 2000."  ISN was also required to identify one or more Rule 30(b)(6) witnesses to address (1) plaintiff's calculation of rates, claims for contract payments, offsets and credits; and (2) any other claims being asserted by ISN.  The "non-expert" reports were due to be filed on September 22, 2017.[1]

## II. Plaintiff's Motion for Modification and Government's Motion to Exclude the Expert Report and Testimony of John Ford, Esq.

ISN, in its motion for modification (ECF No. 196), seeks permission to rely at trial upon the expert report of John H. Ford, Esq. in support of the claims in its affirmative case.  ISN argues that John Ford's Expert Report was not one of the expert reports subject to the requests for extensions of time and that the government is not prejudiced by the request because the government has had Mr. Ford's report since November 2016.  In such circumstances, ISN argues, Mr. Ford's expert report should be considered outside the scope of the August 23, 2017 order.

The government objects to ISN's request.  In its response to ISN's motion, the government has moved to exclude Mr. Ford's report on the grounds that it is within the scope of the court's August 23, 2017 order and is otherwise excludable under Fed. R. Evid. 702 as containing principally expert "legal" opinions, which are not the proper subject of expert testimony.  The government also argues that the opinions stated in the report are barred under the principles of *res judicata* on the grounds that they are contrary to prior court decisions involving the same parties.

The court has reviewed ISN's motion, the government's response and request for a motion *in limine* to exclude Mr. Ford's report and ISN's reply.  For the following reasons ISN's motion for modification is **DENIED** and the government's motion to exclude the expert report and testimony of John Ford, Esq. is **GRANTED**.

The court's August 23, 2017 order was plain.  ISN is foreclosed from relying on expert testimony to establish its claims in Counts I, II, III and IX of its complaint.  Thus, unless modified, ISN cannot rely upon Mr. Ford's report.  ISN argues that Mr. Ford's report should be allowed because the government has had the report since November 2016 and has had ample opportunity to review and consider the report.  The government

---

[1] ISN filed "non-expert" reports on September 22, 2017.  (ECF No. 195).  Also pending before the court, but currently stayed, is the government's motion to strike those reports. See Defendant's Motion to Dismiss Counts I, II, III, and IX or in the alternative to Strike Plaintiff's Non-Expert Reports and Preclude the Testimony of Cheryl Anderson and Bill Foote (ECF No. 203).

argues that regardless of whether it had the Ford Report, the sanctions sought included all expert reports and testimony and when ISN did not respond to the government's request for sanctions, ISN effectively conceded the correctness of the government's request, citing *Phila. Auth. For Indus. Dev. v. United States,* 114 Fed. Cl. 519, 527 (2014) and *Winnemucca Indian Colony v. United States*, No. 13-874, 2014 WL 3107445 at *4 (Fed. Cl. July 8, 2014).

The court agrees with the government that the sanction order should not be modified to allow ISN to rely on Mr. Ford's expert report in its case in chief. Regardless of whether the government had the Ford report, the government sought a sanction to preclude ISN from relying on any expert reports or testimony to support its affirmative case regarding Counts I, II, III, and IX. ISN did not respond to the government's sanction motion. It is therefore presumed that ISN conceded the motion. If ISN wanted the sanction limited to only the revised expert reports it should have filed a timely response to the government's motion. Having failed to do so, the court finds the government would be prejudiced by a modification of the sanctions order. In addition, the court agrees with the government that because Mr. Ford has been presented by ISN as a "legal expert" his report is properly excluded under Fed. R. Evid. 702 as well. Expert testimony on issues of law are not admissible for the purposes of proving that the government's interpretation of the Cost Accounting Standards ("CAS") and Federal Acquisition Regulations ("FAR") are not correct. *Spartan Corp. v. United States*, 77 Fed. Cl. 1, 7-8 (2007).[2] Nonetheless, to the extent that Mr. Ford's legal positions are not barred by the principles of *res judicata*, and the case proceeds, nothing in the sanctions order precludes ISN from arguing in its legal memoranda that its interpretations of the applicable regulations are correct and that the government's interpretations of the applicable regulations are wrong.

### III.    Plaintiff's Motion to Exclude the Testimony of Joel E. Lesch

Turning to the plaintiff's motion to exclude the testimony of Joel E. Lesch, the court finds for the reasons that follow ISN's motion must be **DENIED**.[3] The government submitted Mr. Lesch's expert report in support of its counterclaim against ISN. Specifically, the government is relying upon Mr. Lesch, along with government witnesses, to support its claim for approximately $400,000 in payments and interest

---

[2] Mr. Ford, according to his expert report, was retained to "opine on whether Ms. Malkani's compensation from ISN would be considered reasonable and therefore allowable." Def.'s Mot. *in Limine*, App. at 3, Expert Report of John Ford, Esq.

[3] Mr. Lesch is a director in LitCon Group LLC, a consulting firm specializing in financial analysis and damage calculations and forensic accounting. Pl.'s Mot. *in Limine*, App. at 1-17, Expert Report of Joel Lesch. He was retained to provide financial, accounting and damage analysis arising from ISN's claims against the government and the government's counterclaim against ISN. *Id.* He is a Certified Public Accountant and is certified in financial forensics and is also a certified fraud examiner. He states in his report that over the course of 30 years of calculating damages and forensic accounting he has applied the government's cost accounting standards ("CAS") and Federal Acquisition Regulations ("FAR").

associated with some but not all of the contracts at issue in ISN's case in chief. Depending on the outcome of the government's pending motion to dismiss (ECF No. 203; *see* fn.1), Mr. Lesch may be asked to opine on whether ISN's indirect rates on the remaining contracts at issue are supported.  For now, however, the sole issue before the court is whether Mr. Lesch is qualified to calculate the amount the government claims it is owed based on the indirect rates the government determined were applicable.

The court has reviewed Mr. Lesch's qualifications and finds ISN's objections to Mr. Lesch's expertise are without merit.  In the copy of his report attached to ISN's motion, Mr. Lesch lays out his areas of expertise.  Mr. Lesch is a Certified Public Accountant, he is certified in financial forensics, and he is a certified fraud examiner. Mr. Lesch states in his report that over the course of 30 years in calculating damages and performing forensic accounting tasks that he has applied the CAS and the FAR.  Mr. Lesch explains in his report how he prepared his calculations.  He explains that he based his calculations on the Defense Contract Audit Agency ("DCAA") audit reports and the decisions of the contracting officers he reviewed and applied his accounting expertise to calculate the amount owed to the government.

The court finds that Mr. Lesch's background in the CAS and FAR together with his knowledge of forensic accounting make him qualified as an expert to explain and opine on the amount of damages the government claims it is owed.  ISN's argument that Mr. Lesch's report should be excluded because he does not endeavor to examine whether the DCAA and contracting officers made proper legal calls regarding the CAS or FAR is not supported. Mr. Lesch was asked to calculate damages based on the government's interpretations of the applicable regulations.  ISN will have the opportunity to show with its own expert testimony why it believes Mr. Lesch's calculations are wrong and why it contends it does not owe the government money.  Ultimately, however, it is the role of the court and not the role of the experts to opine on the law.  The court has no grounds to exclude Mr. Lesch's testimony or report on the grounds that he did not perform a legal analysis on the DCAA or contracting officer's interpretations of the applicable regulations.  Therefore, ISN's motion to exclude the expert testimony of Joel E. Lesch is **DENIED.**

## CONCLUSION

For the reasons set forth above, the plaintiff's motions for modification of the court's August 23, 2017 order and to exclude the testimony of Joel Lesch are **DENIED**. (ECF Nos. 196, 210).  The government's motion to exclude the expert report and testimony of John Ford, Esq. is **GRANTED.**  (ECF No. 198).

In view of these rulings, the stay of the Defendant's Motion to Dismiss Counts I, II, III, and IX or, in the alternative, to Strike Plaintiff's "Non-Expert Reports" and Preclude the Testimony of Cheryl Anderson and Bill Foote filed on November 14, 2017 (ECF No. 203) is hereby **LIFTED.**  Accordingly the briefing schedule is as follows:

| | |
|---|---|
| **February 12, 2018** | The plaintiff shall file its response to the government's motion to dismiss or in the alternative motion to strike. |
| **February 26, 2018** | The government shall file its reply in support of its motion to dismiss or in the alternative motion to strike. |

The court will not entertain motions for extensions of time absent evidence of extraordinary circumstances outside the control of counsel. A revised schedule for rebuttal expert reports, if necessary, will be issued after the court has resolved the government's motion to dismiss or in the alternative motion to strike.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge